Wheelek, J.
It may well be doubted whether an order of tiie Probate Court could confer on the administratrix authority to sell tiie notes and accounts belonging to the estate of her intestate. The statute does not in terms authorize tiie sale of claims for money due the estate, but enjoins their collection. (Hart. Dig., art. 1182.) It may be true, therefore, tiiat the defendant did not acquire a good title to the notes and accounts purchased by him at the sale by tiie administratrix. But this question it is not necessary now to determine, for to constitute the plea setting up such defect of title a good defense to the action, he should have averred a return or offer to return, or should liave otherwise accounted for tiie notes and accounts so purchased by him. He cannot be permitted to retain and appropriate the notes or their proceeds to Ills own use, and resist the payment of the note given by him as the consideration of the purchase, on the ground of tiie want of authority in tiie administratrix to sell.
That which is a benefit to the promisee or a prejudice to the. promisor is a sufficient consideration to support a promise. The defendant does not aver tiiat he derived no benefit from the purchase, but only that he did not acquire a good title. He does not allege tiiat his right has been disputed, or that payment of the notes and accounts has been refused.
But if tiie purchase was not a benefit to the defendant, it will scarcely be denied that it was a prejudice to tiie plaintiff. If, as insisted, the sale'was unauthorized, she thereby incurred a liability to tiie estate to the extent of' any injury which may have resulted. To have rendered tiie defense availing, it was incumbent on the defendant to have restored the plaintiff' to the rights enjoyed by her at the time of the making of the contract. And, for the reason that the plea contains no averment of a return or offer to return tiie notes, &c., purchased, the plea was insufficient.
The legal sufficiency of the plea in reconvention must depend upon the validity and binding effect of the agreement which it seeks to enforce. That this agreement was not valid and binding as to the estate, was, we think, very properly conceded in argument. But it is insisted that the plaintiff thereby hound herself in her personal capacity. It is evident, however, from the terms and import of tiie agreement, that it was tiie intention of tiie plaintiff to contract in her representative and not in her personal character; and that tiie agreement should he obligatory on her in the former and not in tiie latter character, was evidently the intention and understanding of both tiie contracting parties. To give it tiie effect now contended for, therefore, would he contrary to the intention of tiie parties. And this is a sufficient answer to. *250 the argument that the plaintiff bound herself personally by her agreement. But it is susceptible of another answer, resting on obvious principles. The agreement of the plaintiff, taken as an agreement or promise to pay the debt of her intestate, was without any consideration to support it. The debt bad been barred by the statute of limitations. As administratrix, she had refused t,o allow it. An acknowledgment by the debtor oí a debt barred by the statute is supported on the ground that there is resting on him a moral obligation to pay the debt, which'is a sufficient consideration to support his promise. But the administrator is under no moral obligation to pay ont of his own funds the debt of his intestate. The consideration of a moral obligation, to render the plaintiff personally liable, was wanting. Her promise, therefore, to pay the debt of her intestate gave no right of action against her in her personal character. (1 Whart. Penn. 11., 66; Angell on limitations, 293 to 290; Chit. on Conr., 270.) Nor can the agreement he enforced against her in her official character.
Note 69. — Claiborne v. Yoeman, 15 T., 44; Fortson v. Caldwell, 17 T., 627; Lemmon n. Hanley, 28 T., 219.
We are of opinion, therefore, that the court did not err in sustaining the exceptions to the defendants’ pleas, and tiiat the judgment he affirmed.'
Judgment affirmed.