93 185
o116 740

93 185
o116 740

93 185
120 343

93 185
125 591

CASE 29—PETITION EQUITY—MAY 7.

# Litz, &c., v. Goosling, &c.

APPEAL FROM PIKE CIRCUIT COURT.

OPTIONS—CONSIDERATION.—Mutuality of obligation is in general necessary to uphold a contract. Therefore, an option to purchase real estate· will not be enforced unless supported by a sufficient consideration.

An agreement by the owner of land to sell to another all the coal underlying the land, provided he shall, within a specified time, elect to complete the bargain by paying the agreed price, is not enforceable.

CONNOLLY & FERRELL FOR APPELLANTS.

The contract sued on is enforceable.

AUXIER & YORK, FOR APPELLEES.

The lower court did right in sustaining demurrer to the petition.

*First:* Because there is no description of the land in the petition or amended petition, or in the exhibits filed with the petition.

*Second:* Because the contract lacks mutuality, the essential element. of a binding contract. (Fry on Specific Performance, 3d ed., p. 214,. sec. 440; Pomeroy's Eq. Jur., vol. 3, p. 447, sec. 1408; Warvell on Vendors, p. 474, sec. 10; 2 Mon., 5; 3 Bush, 697.)

*Third:* Because the petition fails to charge that appellants tendered to appellees the contract price before the institution of the action. (8 Bush, 344; 9 B. Mon., 11; 7 Mon., 134; Litt. Sel. Cases, 290.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The writing signed by the appellees, Goosling and wife, recites that they "agree, in consideration of one· dollar, to sell and convey unto E. H. Sudduth, * * with general warranty of title, * * all the coal in, upon and underlying a certain tract or parcel of land, situated in the county of Pike and said State, containing by estimation about one thousand acres * * ."

The conditions of the above covenant are the following:

" That the party of the second part be allowed twelve months from the date hereof to dig upon and explore said land for metals and minerals, and in addition thereto until the expiration of sixty days after notification by the party of the first part of his desire to terminate this contract, to complete this bargain by paying for the said coal right one dollar per acre or making such other arrangements as may be satisfactory to the party of the first part; that until such payment or arrangements· are made the party of the first part shall continue in possession of said land and coal, and that in case payment or other satisfactory arrangement to complete this bargain as aforesaid shall not be made in the time above specified and until the expiration of sixty days after notice as aforesaid, then all obligations, express or implied, under this agreement, shall cease, and neither party shall have any claim either in law or equity on the other by virtue of this agreement."

This action by the appellants, Litz and Jamison, who are assignees of Sudduth, is to compel a specific performance by Goosling and wife. Such an action lies where the legal remedy is inadequate, and resort to it is necessary to furnish a more exact measure of justice. Reciprocity of obligation is, however, essential to the validity of a contract, and it is a general rule that in order to be binding upon, or enforceable by, one party, it must be so as to both. This is the very essence of it.

The act to be done upon the one hand need not necessarily be simultaneous with the consideration paid or to be paid upon the other, but it is elementary that mutuality of obligation is, in general, necessary to uphold a contract.

If one agrees, at the option of another, to convey to him land at a certain price, and the consideration is unexecuted, such an agreement is not enforceable, because it rests altogether with one party whether it shall be carried out. There is no mutuality of obligation in it. A mere naked option to one party, where no advantage or disadvantage, necessary as a consideration to support a contract, moves between the parties, is not enforceable. It is a *nudum pactum*, because there is not a legal obligation upon each side to perform. (Smith, &c., v. Cansler, 83 Ky., 367; Bank of Louisville v. Baumeister, &c., 87 Ky., 6.)

If the contract for an option to purchase real estate at a certain price within a certain time be based upon a sufficient consideration, which may consist, of course, either in an advantage moving to the one party or a disadvantage to the other, then it is enforceable; but where a mere naked option, destitute of consideration, is given to one, it is not enforceable, because there is no mutuality of right and remedy. To enable either party to compel a specific execution, the contract must, as a general rule, be mutually binding upon both parties.

In Boucher v. Vanbuskirk, 2 A. K. Mar., 345, the former leased in writing from the latter certain lands, and a clause was inserted in the contract that, if Boucher should pay a certain price *per* acre, then Vanbuskirk should convey that much land to him; and it was held that Boucher could not, by tendering a certain sum to Vanbuskirk, compel a conveyance of so much of the land as the money tendered would have paid for at the stipulated price, because, by the making of the contract,

he put himself under no obligation to purchase the land. There was no mutuality of obligation. It was left altogether to Boucher's election whether he would become the purchaser of any of the land.

In the case now presented, it rested altogether with the appellants whether they would complete the bargain by paying the stipulated price. The writing provides "that in case payment or other satisfactory arrangements to complete this bargain as aforesaid shall not be made in the time above specified and until the expiration of sixty days as aforesaid, then all obligations, express or implied, under this agreement, shall cease."

The appellees could not have maintained an action to enforce the execution of the agreement, because it was left to the other party to choose whether he would take it by paying for it; and there being no mutual obligation to perform, the contract is not enforceable.

The cases of Allen v. Roberts, &c., 2 Bibb, 98, and Jones v. Noble, 3 Bush, 694, also support this view of the law.

Judgment affirmed