---

## CURTIS *v.* AMERICAN CASE & REGISTER CO.

---

SALES; CONTRACTS; OFFER AND ACCEPTANCE; GOODS TO BE MANUFACTURED; REVOCATION.

1. Acceptance of an offer to purchase goods, or of an order for goods, must be affirmatively made, and cannot be implied from mere lapse of time (following *Metzler* v. *Harry Kaufman Co.* 32 App. D. C. 434); and an offer made, without consideration, may be withdrawn at any time before acceptance.

2. Where goods are ordered to be manufactured, and the order is taken subject to acceptance, a promissory note given by the purchaser is conditional upon acceptance, and until such acceptance is without consideration; and a provision in such an order that a countermand will not be accepted is also without consideration, and not binding upon the purchaser.

3. A purchaser who has ordered goods to be manufactured is not responsible for anything done by the seller looking to the fulfilment of the order, if he countermands the order before its acceptance.

4. A letter from one who has ordered goods to be manufactured, stating he finds he does not need them and desires to have the order canceled, amounts to a revocation of the order.

5. A notice of countermand of an order for goods to be manufactured, given before acceptance to the District manager here of a foreign manufacturing company, is sufficient to discharge the purchaser from liability to the company on the order, where the manager maintained an office here as such, and received the order from the purchaser, and forwarded it to the company.

No. 2303.   Submitted December 4, 1911.   Decided January 2, 1912.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on a verdict

directed by the Court, in an action to recover the purchase price of certain goods alleged to have been sold to the defendant.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal brings up for review a judgment upon a directed verdict in the supreme court of the District in an action by appellee, American Case & Register Company, hereinafter called the plaintiff, commenced before a justice of the peace to recover from the appellant, Austin M. Curtis, hereinafter called the defendant, the value of certain goods alleged to have been furnished the defendant.

On May 13, 1908, Dr. A. M. Curtis, the defendant, signed an order in duplicate, addressed to the plaintiff, in which plaintiff was requested to "make and ship f, o. b. Alliance, Ohio, via fr't by the 14th day of June, 1908, or as soon thereafter as practicable Style No. P. & S. Account Register & Case Recorder and the extra supplies." The order further provided that it was agreed and understood that the goods specified therein were to be "manufactured especially for the purchaser," and that in no case would a countermand of the order be accepted. It was further provided that the order was taken *subject to acceptance by the plaintiff,* and that, if not accepted by them, any money paid would be refunded and any obligation incurred would be canceled. Upon the same occasion, defendant signed a promissory note payable to the order of the plaintiff for $195, the price agreed upon for the goods to be furnished, payments to be made in nine equal monthly instalments beginning with the 15th day of July, 1908, default in any payment to render other instalments due at the option of the plaintiff. The order and note were, on the day of their execution, delivered by the defendant to one J. D. Lasley, district manager of the plaintiff for the District of Columbia, and by him presumably forwarded to plaintiff.

On June 17, 1908, defendant not having been notified of the acceptance of his order, and having received no other com-

munication from the plaintiff, mailed the following letter addressed to Lasley as district manager:

Dear Sir:

The case I ordered from you some days ago, I find I will not need, and I desire to have the order canceled.

Yours truly,

Austin M. Curtis.

Upon the trial of the case, defendant produced this letter and offered the same in evidence. It was conceded in the argument at bar that the letter was furnished defendant by the plaintiff upon notice to produce it. To the introduction of this letter, plaintiff objected "on the ground that there was no evidence to show that the contents of the letter had even been communicated to the plaintiff, and no evidence tending to show that it was within the scope of said Lasley's agency to receive and communicate such letter to the plaintiff," and on the further ground that it was understood that a countermand thereof would not be accepted. Thereupon the court declined to receive the letter in evidence, and exception was duly noted.

It further appeared that on the 22d day of June, 1908, the plaintiff company shipped from Alliance, Ohio, to the defendant in Washington, District of Columbia, the case mentioned in said order, and that defendant received notice from the carrier of the receipt here of said shipment. Thereupon defendant declined to receive said goods or to pay therefor. There was no evidence that the manufacture of the goods had been commenced prior to the date of said letter of June 17th, nor was there any evidence concerning the duties of said Lasley, other than that he maintained in this city a place of business as said district manager, and that said order and promissory note were delivered to him as such district manager as aforesaid.

The plaintiff, at the close of all the evidence, moved the court for directed verdict. The defendant also moved for directed verdict, on the ground that said order did not constitute a contract until accepted, and that the mere offer con-

tained in the order was without consideration, and was not accepted by the plaintiff within a reasonable time. The court thereupon refused to grant the defendant's motion, but did grant that of the plaintiff, and a verdict was accordingly returned in its favor for the amount claimed.

*Mr. James A. Cobb* and *Mr. Mason N. Richardson* for the appellant.

*Mr. Charles Cowles Tucker, Mr. J. Miller Kenyon,* and *Mr. Henry B. F. Macfarland* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The order which the defendant signed was nothing more than an offer to purchase certain goods upon the terms therein stated. Plaintiff's agent was without authority to enter into a binding contract with the defendant. Until .the order was accepted by the plaintiff, there was no contract between the parties. Acceptance of such an offer or order must be affirmatively made, and cannot be implied from mere lapse of time. *Metzler* v. *Harry Kaufman Co.* 32 App. D. C. 434. There was no such acceptance prior to said letter of June 17th, which, it is claimed by the defendant, amounted to a revocation of the order. The general rule is well established that an offer given without consideration may be withdrawn at any time before acceptance. *Minneapolis & St. L. R. Co.* v. *Columbus Rolling Mill,* 119 U. S. 149, 30 L. ed. 376, 7 Sup. Ct. Rep. 168. Is there anything in this case to take it out of the general rule? We think not. The signing of the note was, of course, conditional upon the acceptance of the order. Until such acceptance, the note was without consideration. The provision in the order, purporting to withdraw from the defendant the right to countermand the order, was also without consideration, and hence not binding upon the defendant. *O'Connor* v. *Harrison,* 132 Ill. App. 264; *Corbett* v. *Cronkhite,* 239 Ill. 1, 87 N. E. 874; *National Ref. Co.* v. *Miller,* 1 S. D. 548, 47 N. W. 962,

9 Cyc. 285. Before commencing the manufacture of the goods mentioned in the order, the plaintiff should have notified the defendant of the acceptance of his order. Until such notice, there was no contract between the parties; and, if anything was done by the plaintiff looking to the fulfilment of the order, the defendant was not responsible, providing of course he duly countermanded the order before its acceptance. When, therefore, the letter of June 17th was written, there was no binding contract between the parties. Prior to that time, the plaintiff might have exercised its right to reject the defendant's offer. *Litz* v. *Goosling,* 93 Ky. 185, 21 L.R.A. 127, 19 S. W. 527; *Routledge* v. *Grant,* 4 Bing. 653, 1 Moore & P. 717, 3 Car. & P. 267, 6 L. J. C. P. 166, 29 Revised Rep. 672.

That the terms of said letter of June 17th, 1908, amounted to a revocation of the order, we entertain no doubt. The letter was quite as effective for that purpose as though it had been couched in less courteous terms. In it the defendant stated that he had found he did not need the goods ordered, and that he desired to have the order canceled. This language amounted to a request and direction that the order be canceled, and is reasonably susceptible of no other construction. Lasley was a proper person to receive this notice. He was district manager for the plaintiff, and maintained an office here as such manager. As such manager, he had received from the defendant the order itself. Having authority to receive and forward the order, we think the defendant was justified in assuming that he also had authority to receive notice of a countermand thereof. Moreover, that he forwarded this letter to his principal is evident, for it was produced by the plaintiff at the trial. When, therefore, the plaintiff shipped these goods on June 22d, the defendant, five days previously, had canceled his order, as he had a right to do. The shipment of the goods was at the plaintiff's risk. The defendant was not obliged to receive them, and cannot be held liable for their value.

The judgment must be reversed, with costs, and the cause remanded for further proceedings. *Reversed and remanded.*