## Heydrick v. Dickey, et al.

(Decided June 17, 1913.)

### Appeal from Perry Circuit Court.

Specific Performance—Land—Contract of Sale—Option—Unilateral Contract—Time.—A contract by which the parties of the first part sell and agree to convey certain land in consideration of a cash payment of $100 on the first payment of $5 per acre, the balance to be paid twelve months from date, and when the amount of land is ascertained and conveyance made, and whereunder the grantee, at any time, has the right to surrender the agreement upon the payment of the sum of $10 and the forfeiture of the $100 cash payment, and be released from all liability under the agreement, is unilateral, and more nearly akin to an option than an executory contract of sale, since the grantee has the right, at any time, to elect whether or not he will take the land. Under such a contract time is of the essence, and where the time for performance is not definitely fixed, the grantee must exercise his right of election under the contract and demand performance within a reasonable time; and where neither demand is made nor suit for specific performance brought until after the lapse of eight years from the time the contract is executed, specific performance will not be decreed.

HARKINS & HARKINS and HOGG & JOHNSON for appellant.

BYRD & NICKELL, BAILEY P. WOOTTEN and JESSE MORGAN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On July 10, 1903, J. J. Dickey and Ida P. Dickey, who were the owners of a certain tract of land in Pike County, Kentucky, executed to D. Y. Combs, an instrument in writing which is as follows:

"THIS AGREEMENT made and entered into this 10th day of July, 1903, by and between J. J. Dickey and his wife, Ida P., of Mason County, and State of Kentucky, party of the first part and hereinafter called the 'Grantor,' which expression shall include his heirs and assigns where the context so requires or admits, and D. Y. Combs, as part of the second part, and hereinafter called the 'Grantee,' which expression shall include his successors and assigns where the context so requires or admits.

"WITNESSETH: That for and in consideration of $100 in hand paid, receipt of which is hereby acknowledged, and as first payment upon the sum of $5 per acre for the tract of land hereinafter described, to be paid in twelve months from the date hereof, and when the amount thereof is ascertained and conveyed as hereinafter stated, the 'Grantor' has sold and hereby agrees to convey to the 'Grantee' the following described tract of land situated on the waters of Kentucky River, in Perry County, State of Kentucky, bounded and described as follows, to-wit:

Lying & being on the head of Scuddy Creek of Cars fork of the North fork of the Kentucky River and this being the same 2 tracts of land conveyed by J. B. Hollin and wife to J. J. Dickey, bearing date of February 22, 1901, record in deed book N. page 549 and 50 of Perry County. One tract containing 130 acres & the other tract containing 70 acres more or less.

Before payment of the said deferred consideration can be demanded by the 'Grantor' as a matter of strict right, the number of acres in said boundary is to be determined by actual survey made by, and under the direction of, a competent civil engineer, at the expense of the 'Grantor,' and the 'Grantor' shall furnish a complete abstract showing title in him, and thereupon convey or tender to the 'Grantee' deed containing covenants of general warranty, and the further covenants that he is seized in fee simple of said land, in actual possession thereof, and has good right and full power and authority to sell and convey the same, and that the 'Grantee' shall and may have, hold and enjoy the said property free from eviction or disturbance by title paramount to that conveyed by the said deed, and that the land hereby sold and thereby to be conveyed, is free from all liens or encumbrances, concerning which covenant it is hereby expressly declared that representation as to the aforesaid

terms of said warranty to be made are declared an essential condition and moving consideration of this agreement. Right of way upon and over said land for the purpose of surveying and prospecting aforesaid land, is granted to the aforesaid 'Grantee,' his successors and assigns, or persons acting under his authority.

It is further agreed by and between the parties hereto that the 'Grantee' has the right at any time to surrender this agreement upon the payment of the sum of $10, which amount the 'Grantor' hereby agrees to accept as a full consideration for the surrender of this agreement, and the 'Grantee' is thereupon released from all liability named in this agreement, and hereby forfeits the sum of $100 this day advanced on this contract.

IN TESTIMONY WHEREOF the said parties hereto have hereunto set their hands and seals, the day and year first above written."

The instrument was acknowledged by J. J. Dickey and wife on July 10, 1903, and delivered to D. Y. Combs. On July 23, 1903, D. Y. Combs, by his written endorsement thereon, and for value received, assigned and transferred the agreement to J. C. Heydrick, his heirs and assigns. The assignment was acknowledged before the county clerk of Pike County. On July 24, 1903, the instrument, including the assignment, was recorded in the office of the clerk of the Pike County Court.

Plaintiff, J. C. Heydrick, brought this action against defendants, J. J. Dickey and Ida P. Dickey for a specific performance. The petition alleges that plaintiff had called upon defendants to deliver to him an abstract of title and to convey to him the property in question, and had offered to pay them therefor the full amount of the purchase price in cash, but that the defendants had failed and refused to comply with the contract. Plaintiff also alleges that he was able, ready and willing to pay the purchase price, and asked that defendants be adjudged to make conveyance to him in accordance with the contract, and upon their failure to do so, that the master commissioner make conveyance. The defendants demurred to the petition, and at the same time filed an answer, counterclaim and cross-petition. Thereafter, plaintiff filed an amended petition, stating that he had caused the land to be surveyed, and setting out by metes and bounds the two tracts embraced therein, the first tract containing 56 62-100 acres, the second tract 138 51-100 acres. To the amended petition R. M. McIntire,

N. W. Brashear and others were made parties defendant, it being alleged that they were asserting some kind of claim to the land in question. A demurrer was sustained to the petition as amended and the petition dismissed Plaintiff appeals.

It will be observed that the price of the land in question was fixed at $5 per acre, and that the contract recites the receipt of $100 in hand paid, and provides that the number of acres in the boundary is to be determined by actual survey made by and under the directions of a competent civil engineer at the expense of the grantor, and that right of way upon and over said lands for the purpose of surveying and prospecting is granted to the latter, his successors and assigns or persons acting under his authority. This provision evidently contemplates that the surveying was to be done by the grantee's agents, though at the expense of the grantor. The contract also provides that the grantee has the right any time to surrender the agreement upon the payment of the sum of $10, which amount the grantor agrees to accept as a full consideration for the surrender. Upon the payment of the $10 the grantee is relieved from all liability, but forfeits the sum of $100 advanced on the contract. The contract also provides that the consideration of $5 per acre should be paid in twelve months from the date of the agreement, and when the amount of land was ascertained and conveyed as provided by the agreement.

Here, then, we have a contract by which the grantors sell and bind themselves to convey the property in question without any corresponding obligation on the part of the grantee to take and pay for the land. Had the grantors tendered him a perfect title and otherwise complied with the provisions of the contract, he could, by surrendering the $100 cash payment and paying the further sum of $10, have escaped all liability under the contract. In that event they could not have obtained specific performance, for the right to be relieved of all liability in the manner indicated was one which, by the very terms of the contract, he could exercise "at any time." In other words, the grantee's obligation under the contract is a matter of election, and he may take the land or not, just as he sees fit. Being enforceable against the grantors by the grantee, but unenforceable against the grantee if he so elect, the agreement is unilateral, and is rather in the nature of an option than an executory contract of sale. We therefore conclude that

time is of the essence of the contract. Stembridge v. Stembridge's Admr., 87 Ky., 91; Litz, &c. v. Goosling, &c., 93 Ky., 185. The time for performance not being definitely fixed by the contract, the grantee should have exercised his right under the contract, and demanded performance within a reasonable time. While the petition does allege that plaintiff demanded that the grantors furnish him with abstract, deed, etc., yet under the rule that a pleading is construed most strongly against the pleader, we take it that the demand was made just prior to the time that suit was brought. That being true, there was neither demand nor suit for specific performance until after the lapse of eight years from the time the contract was executed. Having not only failed to demand performance within a reasonable time, but having postponed his demand and suit for such an unreasonable time as to justify the inference that the contract was abandoned by both parties, specific performance should not be decreed. We therefore conclude that the trial court properly sustained the demurrer to the petition as amended.

Judgment affirmed.