### Heydrick v. Dickey, et al.

(Decided October 9, 1913).

### Appeal from Perry Circuit Court.

1. Commissioner of Appeals—No Voice in Decision of Case—Opinion by Written by Direction of Court—Approved by Court.—The Commissioner has no voice in the decision of any case. He writes the opinion for the court as directed by the court, and the opinions are not handed down until they are approved by the court.

2. Commissioner of Appeals—How Cases Decided.—Cases are decided by the court before an opinion is prepared whether written by one of the judges or by the Commissioner.

3. Specific Performance—Not Decreed as Matter of Right—When Refused.—Specific performance of a contract is not decreed as a matter of right, and will be refused where it would be inequitable to enforce the contract. (For original opinion, see 154 Ky., 475.)

HARKINS & HARKINS and HAWKINS, DELAFIELD & LONGFELLOW for appellant.

BYRD & NICKELL and WOOTTON & MORGAN for appellee.

RESPONSE TO PETITION FOR REHEARING BY CHIEF JUSTICE HOBSON—Overruling petition.

At the beginning of the petition for rehearing, counsel say:

"It is a matter of very great importance that the opinions of this honorable court, upon any given question, should be uniform, and with that view this petition for rehearing is presented, with the hope and belief that the questions involved in this appeal will receive the attention and consideration of the other members of this honorable court, in addition to that of the Honorable William Rogers Clay, Commissioner."

Throughout the petition, counsel treat the opinion of the court as the opinion of the commissioner, and the decision of the court as the decision of the commissioner. Rule 16 of the court is in these words:

"The Commissioner of Appeals will report to the court in consultation on such cases as may be referred

to him, and he will prepare opinions as may be directed by the court. He will have no voice in the decision of a case; opinions prepared by him will be subject to the approval of the court, and when approved will be entered as the judgment of the court."

The rule is strictly adhered to. The commissioner reports to the court; the court decides the case and indicates the reasons to be assigned in the opinion thus indicated. He has no voice in the decision of any case, and is in no wise responsible for the decision or the opinion. He simply writes for the court the opinion of the court, after the case has been decided by the court, and the grounds of the decision have been indicated. The opinion does not reflect the views of the commissioner, as he writes the views of the court, not his own. The opinion is not handed down until read to the court and approved by it.

In all cases where the commissioner writes the opinion, and a petition for rehearing is filed, the petition for rehearing goes to the Chief Justice, and when it has been examined by him, it is brought before the court, and passed on by it. If complaint is made in the petition that the facts are not correctly stated in the opinion, the Chief Justice examines the record, and, after examining it, brings the matter before the court stating the complaint and the facts shown in the record in regard to it.

There seems to be a misunderstanding on the part of the bar as to how cases are disposed of in this court; the opinion is often regarded as the opinion of the judge writing it, or that judge at least is regarded as alone responsible for it. In view of the frequency with which this appears in petitions for rehearing, we have deemed it proper to state the facts. No opinion is prepared until the case is stated to the court, has been decided by the court, and the grounds of the opinion have been outlined. One of the judges is then designated to write the opinion. It not infrequently happens that an opinion contains much that the writer of the opinion would not put in it if he were writing his own opinion. He writes the opinion of the court, for the court, by the direction of the court. The court is responsible for the opinion, not the writer of it. Under section 118 of the Constitution, the court sits in two sections, each section being composed of the chief justice and three of the other judges. If one judge does not concur in the conclusion

reached by the others, the case is then considered by the full bench. It often happens that if the view of the writer of the opinion had prevailed in the deliberations of the court, a different result would have been reached in the case from that announced in the opinion. No opinion is delivered until it is approved by the court. A petition for rehearing is always examined by a judge other than the writer of the opinion, and is always considered and acted upon by the court.

When this case came before the court for decision, we had also before us the case of Golden v. Cornett, and as the two cases involved some points in common, they were set for hearing together in consultation, and were, in fact, heard together, the court reaching the conclusion that specific performance should be decreed in Golden v. Cornett (154 Ky., 438), and should not be decreed in this case (154 Ky., 475), the two opinions being delivered on the same day. Upon a reconsideration of the case, we see no reason to change the conclusion we then reached. Specific performance is not a matter of right, but is only granted in the sound discretion of the chancellor. In view of the nature of the contract, the conduct of the parties and the lapse of time, a specific performance of this contract would be inequitable. (Buckner v. Griffith, 1 Bibb., 230; Bowman v. Irons, 2 Bibb., 78; Petty v. Roberts, 7 Bush, 419; Woolums v. Horsley, 93 Ky., 582.)

Petition overruled.