## Stiles v. Reda.

March 24, 1950.

S. M. Ward, Judge.

T. E. Moore, Jr. for appellant.

Don A. Ward for appellee.

CLAY, COMMISSIONER—Reversing.

In this proceeding for a declaration of rights, the Chancellor adjudged a certain provision in an employment contract void and unenforceable, apparently on the ground that it constituted an unreasonable restraint of trade.

Appellant Stiles owns a jewelry business in Hazard, and in connection therewith does watch repair work. On December 15, 1948, he employed appellee Reda as a student watch repairer. The written contract between the parties provided that appellant should pay appellee for his services not less than $50 per week. The contract further provided: "It is further agreed as a part of the employment consideration that should Orlando Reda, party of the second part, desire to engage in business for himself or be connected with anyone else in business in Hazard within a period of two (2) years after the termination of this contract, that Orlando Reda, party of

the second part, agrees to pay to L. H. Stiles, party of the first part, $50.00 per week for a period of 2 (two) years starting the day such business is opened."

Appellee continued in appellant's employment for more than ten months, when it was terminated by appellant in accordance with other terms of the agreement. It is apparently appellee's desire now to engage in the watch repair business in Hazard, and he is not inclined to comply with the provision of the contract quoted above.

Appellee first argues, and the Chancellor seems to have given the argument some weight, that there was no consideration for this particular agreement. Such contention is without merit. Not only was it specifically recited that the undertaking was a part of the employment consideration, but it obviously was an integral part of the contract. It seemed to appellant that if he was to pay appellee a fair salary and develop his skill in the trade, he should have some protection from future competition by this employee. We cannot say appellant would have agreed to pay appellee a minimum of $50 a week in the absence of appellee's assumption of this additional obligation. There is no requirement in the law that each provision of a contract must have a separate independent consideration, and all of its terms were inter-related and mutually enforceable.

The significant question in the case is whether or not the contested agreement constituted an unreasonable restraint of trade. As stated in Johnson et al. v. Stumbo et al., 277 Ky. 301, at page 307, 126 S. W. 2d 165, 169: "The test of reasonableness is whether the restraint, considering the particular situation and circumstances, is such only as to afford a fair protection to the legitimate interests of the party in favor of whom it is given and not so extensive as to interfere with the interests of the public."

It will be noted here that the provision in controversy is limited as to time and place, and the parties agree it is limited to appellant's particular type of business. If appellee had agreed not to engage in the watch repairing business at all in Hazard for two years after the termination of the contract, this would not have been an unreasonable restraint. See Johnson et al. v. Stumbo

et al., 277 Ky. 301, 126 S. W. 2d 165, just quoted; and Thomas W. Briggs Company v. Mason, 217 Ky. 269, 289 S. W. 295, 52 A. L. R. 1344. Since such absolute restriction would be upheld, it follows that a lesser restraint is valid. The contract does not go so far as to prohibit appellee from engaging in the watch repairing business in Hazard, but only provides that if he does so, he shall pay a certain sum for exercising this right.

Appellee and the Chancellor seem to have somehow taken the view that the former is bound to pay this $50 a week for two years as a penalty. The fact is, appellee does not have to pay appellant one penny. It is only when appellee elects to engage in a competing business in Hazard that he becomes indebted to appellant. The amount specified may be considered as liquidated damages, and it lies wholly within the discretion of appellee to determine whether or not he wishes to accept this liability.

We see nothing unfair or unreasonable in the contract. It does not unduly restrain trade or create a monopoly, but on the contrary, is an acceptable means by which a businessman may protect his business. Appellee was under no compulsion to join in this sort of agreement, but having done so, he is bound by its terms.

For the reasons stated, the judgment is reversed with directions to enter a judgment in conformity with this opinion.