**J. E. LEE, Appellant,**

**v.**

**Mrs. Dessye LEE, Appellee.**

No. 6774.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 27, 1955.

Rehearing Denied Feb. 24, 1955.

Lewis & Chandler, Jacksonville, for appellant.

Stone & Stone, Jacksonville, for appellee.

HALL, Chief Justice.

This action was instituted by appellee, plaintiff below, against appellant to recover past due monthly payments amounting to $595 alleged to be due her upon a contract between her and appellant, her husband, executed on December 7, 1946, prior to their divorce on January 27, 1947.

Appellant answered alleging that said contract as respects the particular paragraph here involved is unenforceable as being without consideration.

Trial was to the court without a jury and resulted in summary judgment for appellee for the amount alleged to be due at the date of the trial.

Appellant's only point is:

"The trial court erred in refusing Defendant and Cross-Plaintiff's Motion for Summary Judgment and sustaining Plaintiff and Cross-Defendant's Motion for Summary Judgment because it is apparent from the record in this case that the last paragraph of the contract between the parties, which is in issue in this case, is a severable provision of said contract and an independent covenant between the parties and should have been declared by the Court to be invalid and of no force and effect against Defendant and Cross-Plaintiff because same is wholly lacking in consideration."

As heretofore pointed out, on December 7, 1946, appellee and appellant, then living apart and contemplating a divorce, entered into a written agreement dividing their community property. The contract contains four numbered paragraphs, the last of which forms the basis of the controversy here and is:

"It is also further agreed that any bonus which may be due or payable to J. E. Lee by the Cherokee Motors as a result of their operations for the year 1946 shall be divided equally between J. E. Lee and Dessye Lee, after all Federal income taxes are paid therefrom.

"The said J. E. Lee also hereby agrees to pay to the said Dessye Lee the sum of Thirty-five and No/100ths ($35.00) Dollars per month for and during her lifetime or his lifetime or until her remarriage, whichever event occurring first shall operate to terminate this agreement; otherwise to remain in full force and effect. The first payment shall be due and payable the date a final judgment for divorce has been entered between the parties, and on the same day of each succeeding month thereafter as herein provided, until one of the three events first occurring as mentioned in this paragraph shall terminate this agreement to pay said sum as aforesaid. This payment is in addition to and independent of the full one-half interest of the said Dessye Lee in and to the net community estate of J. E. Lee and wife, Dessye Lee, which is otherwise accounted for herein in the property awarded to her herein."

It is appellant's contention that there is no consideration for the agreement expressed in this paragraph for the payment of $35 per month to her by him "during her lifetime or his lifetime or until her remarriage, whichever event occurring first shall operate to terminate this agreement." Appellant also insists that this last paragraph should be severed from the remainder of the written agreement and held to be void because it is without consideration. It may be that if this paragraph stood alone and was not connected in any way with the other parts of the contract dividing their common property, there would be merit in appellant's contention. But we think the contract should be considered as a whole as being determinative of the common property of the marriage. There is no contention that other portions of the contract are without consideration. In fact, we think the record discloses that it

is agreed that all other portions of the contract are based upon a valuable consideration. This being true, we think that such consideration for the other portions of the contract furnish a sufficient consideration for the last portion here under consideration. We have no way of knowing, in the absence of any statement of facts being brought forward, whether appellee would have agreed to the division of the property as set out in the other paragraphs of the contract without the addition of the last paragraph providing for the payment to her by appellant of $35 per month. In 17 C.J.S., Contracts, § 71, p. 423, it is said: "No special consideration need be singled out or apportioned for each separate provision in a contract and a number of agreements covering more than one subject may be founded on one consideration * * *." It is said in Farmers' State Bank of Mineola v. Mincher, Tex.Com.App., 290 S.W. 1090, 1091: "The contract of deposit is the principal contract, and is supported by a valuable consideration moving between the parties, and the provision relating to interest is subsidiary to the principal contract, and is supported by the same consideration." The above authority is quoted with approval in Morgan v. Young, Tex.Civ. App., 203 S.W.2d 837. See also Stiles v. Reda, 312 Ky. 562, 228 S.W.2d 455. We would not be justified in singling out a paragraph from this contract under the circumstances here and hold it void for want of consideration, where the contract as a whole shows to be based upon a valuable consideration passing between the parties.

We have noted the cases cited by appellant and have studied them. The facts in those cases, in our opinion, do not control this case. In Gulf, C. & S. F. Ry. Co. v. Winton, 7 Tex.Civ.App. 57, 26 S.W. 770, the discussion is with respect to the sufficiency of the consideration to support the contract as a whole; and, of course, there being a failure of consideration, the contract had to fall. There was no question of severance involved in that case. In the case of King v. Whatley, Tex.Civ. App., 236 S.W.2d 186, 187, 192 (w/r, n. r. e.), the contract involved concerned a tract of land and the cattle thereon. The court held the contract entire and not severable, stating: "From the terms of the contract itself, it is apparent that the land and the personal property together constituted one farm and ranch unit", and therefore not severable.

In the case at bar, the contract involved the settlement of the property rights of the appellant and appellee. It seems to us that it must be held to be one transaction. And as stated above, the consideration expressed in the body of the contract is sufficient for all the paragraphs contained therein. It is our opinion that appellant's point presents no error and is overruled.

The judgment of the trial court is affirmed.