**Alice T. Flaherty OWEN, Appellant,**

v.

**Henrietta B. STAIB et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 5, 1957.

Michael J. Clare, Clare & Scent, Louisville, for appellant.

Richard Nash, Louisville, for appellees.

BIRD, Judge.

Appellant owned and operated a place for the treatment of alcoholism at 402 West Ormsby Street in the City of Louisville, Kentucky. Her business was conducted as the Samaritan Institution and in connection with that business she administered a specialized treatment for alcoholism known as the Samaritan Treatment. Samaritan Laboratories also operated in connection with the business and as a part of it. Appellee, Staib, was head nurse at the Ormsby institution.

On July 7, 1954, appellant by written agreement, assigned, transferred and conveyed to appellee an "exclusive franchise for the treatment of alcoholism under the name of the Samaritan Institution, the Sa-

maritan treatment or Samaritan in the State of Kentucky". The appellee took over the operation at 402 West Ormsby Street and operated it as a proprietorship until the expiration date specified in the franchise agreement, at which time she undertook to establish and did establish her own place of business known as the Highland Rest Home, Incorporated, on Everett Avenue in Louisville. We will note here that the lease on the Ormsby property expired about the same time and could not be renewed.

Appellant claims that appellee voluntarily, relinquished her franchise and opened her own business for the treatment of alcoholism in violation of the specific provisions of the franchise agreement. She asked for an injunction prohibiting appellee from treating patients for alcoholism directly or indirectly, and that Highland Rest Home, Incorporated, be likewise enjoined. She also asked for damages for breach of contract.

The trial court permanently enjoined the appellees from soliciting the business of persons known by appellee, Staib, to have been patients of Samaritan Institution at 4th and Ormsby in Louisville, Kentucky. The trial court denied damages and further injunctive relief. Appellant contends that she was entitled to the full relief sought. Thus this appeal.

The parts of the contract pertinent to the issues involved are as follows:

Item "(1) The term of this franchise shall be and is for a period of one (1) year from the date of this agreement, renewable thereafter at the *option of the second party, subject to the written consent of the first party and upon terms to be agreed at that time.*

Item "(4) Party of the second part further specifically agrees *that should she voluntarily relinquish this franchise* at any time, she hereby specifically agrees to refrain from operating or having ownership in, either directly or indirectly, any business under any name involving the treatment of alcoholism for a period of five (5) years from the date of relinquishment. This does not limit second party's right to be employed in said treatment.

Item "(8) Said second party further specifically agrees *that should she voluntarily relinquish this franchise* she will give the party of the first part at least sixty (60) days written notice prior to the effective date of the relinquishment and will thoroughly train and instruct at least one nurse of first party's choosing in the proper methods of the Samaritan Treatment at first party's expense." (Emphasis ours.)

■ This jurisdiction, within rather well defined limitations, recognizes the validity of covenants not to compete and covenants providing for the restriction of employment. Thomas W. Briggs Co. v. Mason, 217 Ky. 269, 289 S.W. 295, 52 A.L.R. 1344; Stiles v. Reda, 312 Ky. 562, 228 S.W. 2d 455. In these and all other pertinent cases that we have found from this jurisdiction the contract terminations were such as to entitle the parties to relief under the restrictive covenants, if the restrictions otherwise met the standards of validity. Such is not the case here. Before we reach the issue of validity in this case, we must first determine whether or not the contract was terminated in such a manner as to justify consideration of the restrictive covenants for any purpose.

The restrictive covenants, Items Four and Eight, will in no way be enforced unless the appellee voluntarily terminated or relinquished the franchise. The right to relief under those covenants is wholly dependent upon the manner of termination.

■ It is not contended that Mrs. Staib made any positive move to terminate or relinquish the franchise. She simply did nothing toward renewing it. Did this constitute a voluntary relinquishment of the franchise? We think not. Her failure to

renew was not a failure to exercise an option. Though the word option was used in Item One, the language does not constitute an option. It is a nudum pactum because there is no obligation upon Mrs. Owen to extend the operation of the agreement. Smith v. Cansler, 83 Ky. 367; Bank of Louisville v. Baumiester, 87 Ky. 6, 7 S.W. 170; Litz v. Goosling, 93 Ky. 185, 19 S.W. 527, 21 L.R.A. 127. Having made no positive move to abandon her franchise and having had no option of renewal to exercise, we must hold that appellee did not voluntarily relinquish her franchise so as to entitle appellant to benefits under Items Four and Eight. In fact, this franchise was not terminated by anyone. It simply expired.

Finding no prejudicial error the judgment is affirmed.