## Gulf, Colorado & Santa Fe Railway Company v. J. V. Winton.

### No. 987.

**1. Consideration—Written Instrument.**—While under the statute a written instrument will ordinarily import a consideration, this rule will not apply where the instrument shows on its face affirmatively that it was executed without a consideration.

2.  **Same—Release from Liability.**—A release to the master from liability for personal injuries received by an employe must be supported by a consideration; and a stipulation for employment thereafter for such time as may suit the master is not a sufficient consideration.

3.  **Negligence of Master—Defective Turntable.**—Where a railway company expects its employes to go into a turntable pit to move the turntable, it is bound to use ordinary care to see that it is in such condition as not to expose them to unusual hazard.

APPEAL from Cooke.   Tried below before Hon. D. E. BARRETT.

*J. W. Terry*, for appellant.—1.  A written instrument is presumed to have been executed for a sufficient consideration, and the court erred in assuming on demurrer that there was no consideration for the execution of the releases.    There is nothing unconscionable or inequitable in one party requiring another, in consideration of employment, to release any claim for damages; at least it can not be assumed on demurrer that such release is unconscionable or inequitable. Rev. Stats., arts. 4487, 4488; Clayton v. Mooring, 42 Texas, 182; Foster v. Champlin, 29 Texas, 22; Harris v. Cato, 26 Texas, 338; 2 Pars. on Con., 7 ed., *713–716.

2.  The promise of employment and the subsequent employment of plaintiff, as alleged in the answer and the release, was sufficient consideration to support the execution of the release. 1 Pars. on Con., *436.

*S. B. Garrett* and *W. R. Wheeler*, for appellee.—1.  A written instrument which shows upon its face that no consideration is given or promised therefor, but expressly stipulates that no consideration is promised for its execution, and no liability or obligation on the part of the beneficiary of said contract undertaken or assumed in any manner whatever, is void for want of consideration.    1 Pars. on Con., 427–430.

2.  There was such negligence on the part of the appellant with reference to its defective turntable as rendered it liable for the injury to appellee, who was authorized to assume that it was in safe condition at the time he was hurt.    Railway v. McNamara, 59 Texas, 259; Railway v. Dunham, 49 Texas, 181; Railway v. Williams, 75 Texas, 4; Railway v. Smith, 74 Texas, 276; Railway v. Silliphant, 70 Texas, 628; 2 W. & W. C. C., sec. 19; 2 Thomp. on Neg., sec. 16, p. 1009; Shear. & Redf. on Neg., sec. 96; Hough v. Railway, 100 U. S., 213; Conroy v. Iron Works, 62 Mo., 35; 76 Pa. St., 389; 21 Minn., 9; Cool. on Torts, 559.

HEAD, ASSOCIATE JUSTICE.—*Conclusions of Fact.*—On October 13, 1890, appellee, while in the employ of appellant as "coal heaver," received an injury to one of his fingers by the breaking of the "slash

bar" with which he was working. The evidence was sufficient to sustain the verdict of the jury in finding negligence on the part of appellant in failing to discover the old break which caused the injury in this case, and also in finding appellee free from contributory negligence.

Also, on January 13, 1891, while appellee was still in the employ of appellant in the same capacity, he received an injury to his side while engaged in pushing a turntable, he being at the time in the pit, and the injury being caused by the slipping of one of the ties upon which he was standing. The evidence was sufficient to sustain the verdict of the jury finding appellee free from contributory negligence, and after some hesitation we have also concluded that it was sufficient to sustain the verdict finding appellant guilty of negligence in not having this tie properly fastened.

For the injuries thus received, appellee in the court below was given a verdict and judgment for $500, from which this appeal is prosecuted. No complaint is made as to the amount of the verdict, if appellee was entitled to recover.

*Opinion.*—We have heretofore expressed the opinion that a release from liability for injuries received, as in this instance, must be supported by a consideration. Railway v. Wilson, 3 Texas Civ. App., 586. Our views upon this question seem to have met with the approval of our Supreme Court. Id., 85 Texas, 519. Also see Railway Accident Law, by Patterson, 508.

It is true that under our statute a written contract, where there is no recital to the contrary, imports a consideration. Newton v. Newton, 77 Texas, 508. If, however, the instrument upon its face shows affirmatively that it was executed without consideration, none should be implied; and we are of opinion that the release pleaded by appellant in this case does this. We so decided in an oral opinion in the case of Railway v. Cragin, delivered at the present term.

The release referred to is as follows:

"Whereas on the 7th day of January, A. D. 1891, I, J. V. Winton, was in the employ of the Gulf, Colorado & Santa Fe Company as coal heaver, and while so employed received injuries, as follows: one rib fractured while turning turntable.

"And whereas said railway company denies that said injuries were caused or contributed to by the fault or negligence of said company, its officers, agents, or servants, and denies any and all liability to me on account thereof.

"Now, therefore, for the purpose of avoiding any litigation, and fully ending and determining said company's liability, I, J. V. Winton, for and in consideration of employment by said company, for such time and in such capacity as may be satisfactory to said company, and

not longer or otherwise, do hereby remise, release, and forever discharge said company of and from any and all manner of actions, suits, debts, and sums of money, dues, claims, and demands whatsoever, in law or in equity, which I have ever had or now have against said company by reason of any matter, cause, or thing whatever, whether the same arose upon contract or upon tort, it being expressly agreed and understood that said company is not bound or obligated by these presents or otherwise to retain me in any particular kind of employment, nor for any definite time.

"In testimony whereof, I have hereunto set my hand, this 9th day of February, 1891.          [Signed]          "J. V. WINTON.

"Witnesses:

"HARRY S. WILSON,
"O. C. DUNLAND."

Appellant alleged no consideration for the execution of this instrument, other than is shown by its terms.   We can not see that appellee was placed in any better, or appellant in any worse, position by the execution of this instrument than they previously occupied.   To constitute a consideration, either some benefit should flow to, or some injury be received by, one or the other parties.

We are of opinion that the fourth paragraph of the charge given the jury is not subject to the criticism made of it in appellant's eighth assignment of error.   This charge is as follows:

"Fourth.  As to the second count in plaintiff's petition, you are instructed, that if you find from the evidence that defendant's turntable, at the time plaintiff received the injury complained of in the second count in his petition, if he received such injury, was out of repair, and on that account required greater force to turn it than it did when in repair, and if said turntable had been out of repair prior to that period, and the plaintiff and his colaborers had been accustomed, during the time said table was out of repair, to get in said pit to assist in turning it; and if this custom was necessary in order to turn said table, and was known to the company or to any of its agents having charge of plaintiff and his colaborers and having authority to discharge and employ the hands under their control, and was acquiesced in and permitted by said agents without objection; and if said pit was a suitable and proper place to get in, in order to assist in turning said table; and if at the time the plaintiff received his injury, if he received any, he was ordered to get in said pit to assist in turning said table by an employe of the company in charge of plaintiff and his colaborers ; and if such employe had the power to employ and discharge the plaintiff and his colaborers; and if it was necessary for the plaintiff to get into said pit to assist in turning said table; then if you find that the defendant company had been guilty of negligence in failing to properly fasten and

secure the crossties in said pit; and if, on that account, while plaintiff was in said pit assisting in pushing said turntable, he stepped upon one of said ties and the same slipped and caused him to fall and receive the hurts and bruises alleged in the second count in his petition, and to sustain injury thereby, and if the plaintiff was in the exercise of reasonable and proper care for his own safety, then you will, as to said second count, find for the plaintiff. But if you find that the plaintiff failed to exercise ordinary care for his own safety, and that such failure contributed to his injury; or if he knew, or by the exercise of reasonable prudence and caution could have known, of the insecure condition of said crosstie, if it was insecure, then you will find for the defendant, notwithstanding you may believe it guilty of negligence in failing to properly secure said crosstie."

We do not understand the court by this charge to have instructed the jury that appellant would be liable for negligence on the part of a vice-principal of appellee in ordering him to go into the pit and aid in turning the table; but only that, if the jury found the several things therein enumerated to have occurred, these would excuse appellee from negligence in being in the pit. In other words, it would show that he was at his proper place. No complaint is made of the charge as being upon the weight of the evidence, but only that it submits issues to the jury that are not made by the pleadings.

For the purpose above indicated, we think the issue was sufficiently presented in appellee's petition.

If appellant expects its employes to go into this pit to aid in turning its turntable, it should use ordinary care to see that it is in such condition as not to expose them to unusual hazard; and we think this includes the duty of seeing that the ties against which they are thus expected to push are properly fastened.

That appellee, in the absence of knowledge to the contrary, had the right to assume that it was in this condition, and would only be chargeable with notice of patent defects, has been repeatedly decided in this State. Railway v. Wilson, 3 Texas Civ. App., 586, and cases there cited.

We think the evidence sufficient to sustain the verdict finding negligence on the part of appellant in furnishing the defective slash bar, and in finding appellee free from negligence in failing to discover the defect. That appellee, at the time he was injured, was using the bar for one of the purposes for which it was intended, we think there can be but little question under the evidence. That he had the right, in the absence of notice to the contrary, to assume that the bar was in proper condition, we have decided above. The crack in the bar was an old one, and we are not able from the record as presented to us to say that it could not have been sooner discovered by appellant by the exercise of ordinary care on its part in making proper inspections.

We also think the evidence sufficient to sustain the verdict finding appellee free from negligence in being in the turntable pit at the time he received the second injury. It is true appellant only provided the turntable with two handles to be used by the employes in turning it; but it is clear from the evidence that these were insufficient for the purpose on occasions when, by reason of its being out of repair, a larger number of hands than usual were required to do the work, and that upon these occasions the employes were expected to take hold at the most suitable places they could find. It is also clear that the employes upon these occasions had for a long time been accustomed to use the pit as appellee was doing, and that this was with the knowledge and consent, if not upon the direction, of appellant's representatives in charge of the work. If appellee was expected to take hold of the machine upon this occasion at a place other than the handles, it being at the time out of repair, we see no reason for concluding that he was guilty of negligence in making the selection he did. In fact, he testifies that he took this position by the express direction of the one in charge. Had he selected the pilot of the engine for a place to push, as appellant contends he should have done, and received an injury while so using it, it is quite probable he would have been met with the proposition that the pilot was not provided for any such purpose, and that next to the handles the pit was the safest place. We have no hesitation in concluding that appellant required its employes to take hold of this machine at places other than the handles provided by it, and that appellee was not guilty of negligence in this instance.

We have, however, had more difficulty in approving the verdict finding appellant guilty of negligence in not properly securing the tie, the slipping of which caused the injury. The duty which devolved upon it, under the circumstances, was the exercise of ordinary care measured by the consequences likely to result from negligence on its part in the performance thereof. As stated above, it must be held to have expected its employes to use this place and this tie in the manner appellee was doing. The tie did slip and cause the injury, and the jury under a fair charge has found negligence on the part of appellant, in not having properly secured it. Under the circumstances, we are not prepared to overrule this conclusion.

We think the special charge, the refusal of which is complained of under the fourteenth assignment, sufficiently embraced in the instructions given by the court.

Finding no error in the proceedings in the court below, its judgment will be in all things affirmed.

*Affirmed.*

Delivered April 18, 1894.