## TEXAS MIDLAND RAILROAD v. DAVID H. SULLIVAN.

### Decided December 24, 1898.

#### Contract—Employment as Consideration for Release of Damages.

The re-employment of an injured servant is a sufficient consideration for the latter's release of his claim for damages on account of personal injuries, although he does not exercise his right to fix a reasonable time for the employment and thereby put it out of the power of the employer to discharge him arbitrarily.

APPEAL from Kaufman.   Tried below before Hon. J. E. DILLARD.

*L. C. Alexander,* for appellant.

*Wynne, Greer & Smith,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—In bar of this action to recover damages for personal injuries appellant exhibited a written release, which appellee sought to avoid on the ground that appellant had obtained it fraudulently and without consideration.  The release was executed February 15, 1897.  The following testimony was admitted, over the objection that it was hearsay, in proof of the fraud alleged:

"J. D. Hunt for plaintiff testified as follows: I know Mr. Peace; he was chief train dispatcher in January and February of last year.  I understood he had control of the man to a certain extent.

"Q. Did you ever have any conversation with Mr. Peace in which he told you what instructions he had to do with Mr. Sullivan, and what he has to do with him?

"A. He made some remark of that kind to me.

"Q. Tell the jury what was said.

"A. Mr. Peace stated to me that Mr. Fratt said to him that they would get this man to sign a release and then they would discharge him after he signed it.  This is as near as I remember Mr. Peace's statement to me.

"Q. What did Mr. Peace say his instructions were upon that point?

"A. That Mr. Fratt, his superintendent, told him that the first chance they would find some pretext to discharge him from service."

That the objection so made was well taken does not seem to be seriously controverted.  The testimony was clearly inadmissible.  It is insisted, however, that the error was harmless because the release was without consideration.  The only consideration recited therein was $1, which was neither paid nor expected to be paid; but the real consideration was shown by parol to be the re-employment of appellee as brakeman in the service of the company.  This he voluntarily sought, after a partial recovery from his injuries, and to obtain it executed the release in question, that being required of him as a condition precedent to such re-employment, according to the usage of railroad companies in such

cases, with which he was familiar. What occurred at the time of its execution is thus described by one of the subscribing witnesses:

"I witnessed the above release; so did H. B. Moore. At the time Sullivan came in and Mr. Moore asked him if he was ready to sign the release, and Mr. Sullivan said, 'Yes.' Mr. Moore said he would put him on light work until his hand was strong. He was to go to work on signing it. Don't recollect what was said about compensation. Plaintiff said he was willing to sign the release. It is customary on all roads to sign a release before you go to work."

Appellee then went to work and continued in appellant's service, receiving the customary wages of $2 per day, until the 17th day of March following, when he was discharged on account of a collision between a car and an engine, which was claimed to be due to his fault.

It thus appears that the contract was for an indefinite time and the employment of short duration; but by executing the release appellee acquired the right to fix a reasonable time, and if he failed to do so he has no one to blame but himself. The general rule, that where the term of service is left indefinite either party may put an end to it at will and without cause, does not apply. That rule obtains where mutuality of promise is the sole consideration. Here the execution of the release was an independent consideration, giving appellee the right to fix the duration of the employment, and thus prevent an arbitrary discharge by appellant. See the opinion of Justice Stayton, in East Line Railroad Company v. Scott (10 Southwestern Reporter, 99), 72 Texas, 70, where this question is ably discussed. In the Winton Case, decided by this court, 26 Southwestern Reporter, 770, and so much relied on by appellee, this right of fixing the duration of the employment was provided against by an express stipulation, which feature distinguishes that case from this. We could not, without dissenting from the views so clearly and forcefully stated by Judge Stayton in the Scott Case, which we are by no means inclined to do, hold that there was no consideration for this release. Its invalidity, then, depended upon whether it was vitiated by fraud, upon which issue the evidence quoted above was material.

There was no error in refusing appellant's special charges, which, if given, would have withdrawn that issue from the jury.

Indeed, we find no merit in any of the assignments, except the twenty-seventh, complaining of the admission of said evidence, which we sustain, and hence reverse and remand the cause for a new trial.

*Reversed and remanded.*