W. F. BLEDSOE ET AL. v. UNITED BROTHERS OF FRIENDSHIP & SISTERS OF MYSTERIOUS TEN.

Decided June 2, 1910.

Injunction—Appeal—Statute Construed.

Courts of Civil Appeals have no jurisdiction of an appeal from an order of a District Court overruling a motion to dissolve a temporary injunction previously granted. See Laws of 1909, page 355, sec. 2.

Appeal from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

Smith & Lattimore, for appellants.

Smith, Turner, Bradley & Powell, for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—This appeal is by W. F. Bledsoe and others from an order of the District Court dated May 5, 1910, overruling their motion to dissolve a temporary writ of injunction, which had been granted on January 31, 1910.

By chapter 34, page 354, of the Acts of the Thirty-first Legislature (1909), article 2989, of Sayles' Texas Civil Statutes, authorizing the issuance of temporary injunctions, was amended and section 2 of that Act reads: "Any party or parties to any civil suit wherein a temporary injunction may be granted, refused or dissolved under any of the provisions of this title in term time or in vacation, may appeal from the order or judgment granting, refusing, or dissolving such injunction, to the Court of Civil Appeals having jurisdiction of the case; but such appeal shall not have the effect to suspend the enforcement of the order appealed from unless it shall be so ordered by the court or judge who enters the order; provided, the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting, refusing or dissolving such injunction."

As the order appealed from was not an order granting, nor refusing, nor dissolving the temporary injunction previously issued, this court has no jurisdiction to determine the appeal, which is, therefore, dismissed. Beaumberger v. Allen, 101 Texas, 352. See also C. B. Livestock Co. v. Parrish, 127 S. W., 855.

*Appeal dismissed.*