E. F. ROWSON & CO. v. McKINNEY.

(Court of Civil Appeals of Texas. San Antonio. May 14, 1913.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—VERDICT—EFFECT.

Where a verdict on conflicting evidence is in favor of plaintiff, his evidence must be accepted on appeal as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. FRAUDS, STATUTE OF (§ 140*)—PAROL CONTRACT.

A parol contract for cancellation of an agreement for the purchase of land is without the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 156, 342; Dec. Dig. § 140.*]

3. BROKERS (§ 96*)—BROKER'S CONTRACT—CONSIDERATION—LIABILITY.

Where a real estate agent, who negotiated a sale of land to be paid for on installments, agreed to a rescission of the contract, whereby the purchaser should receive back the money already paid in, and the purchaser in reliance on that agreement made no further payments, although the contract provided for forfeiture in case of failure, there was a sufficient consideration to render the agent liable for the payment of the money already paid.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 138; Dec. Dig. § 96.*]

Appeal from Cameron County Court; Jno. Bartlett, Judge.

Action by C. G. McKinney against E. F. Rowson & Co., begun in justice court, where on judgment for plaintiff, defendant appealed to the county court, and from a judgment of the county court, also in favor of plaintiff, defendant again appeals. Affirmed.

See, also, 154 S. W. 603.

R. B. Creager and J. T. Canales, both of Brownsville, for appellant. Jones, West, West & Dancy and Ira Webster, all of Brownsville, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellants, in the justice's court, to recover $165, alleged to be due on an oral contract for the cancellation of a contract for the sale of a tract of 10 acres of land and the return of purchase money paid by appellee to appellants. Appellee obtained a judgment for the amount sued for, and the cause was appealed by appellants to the county court, where the cause was

tried by jury, resulting in a verdict and judgment for appellee in the sum of $165.

[1] There was testimony to the effect that on April 9, 1908, a contract for the sale of certain land was entered into between appellants, as agents for E. S. Hunt, and appellee, whereby the former agreed to sell to appellee, upon the performance of certain conditions by him, certain lots of land for $240 cash and $760 in monthly payments of $20 for a part of it, the payments to begin one year from date of contract, and when $160 was thus paid a warranty deed was to be executed by appellants, and three notes, for $200 each, were to be executed by appellee. There were other stipulations not necessary to mention. According to the testimony of appellee, which must, in view of the verdict, be taken as true, in January, 1909, he called on Rowson, and told him that he (appellee) would not, on account of sickness in his family, be able to make the payments, and asked Rowson to return the money he had paid and cancel the contract. Rowson agreed to the proposition, and appellee gave him the contract of sale, and it was canceled and Rowson agreed to return the money. He returned only $50 of the money. The cancellation was made by writing across the face of the contract, "Canceled by mutual consent." Rowson admitted the cancellation, but swore that appellee was to receive only $50, unless the land was sold, and that he had paid appellee that sum. He was corroborated by Jessup, his employé. J. R. Axom testified that Rowson stated to him that his firm had agreed to return the money to appellee and take back the land. Appellants contracted for themselves, and not for Hunt, in relation to the return of the money.

[2, 3] The contract sued on was the oral one made by Rowson, and the statute of frauds would have no application to it. The only question would be as to the consideration for the promise. The contract became forfeited before this suit was instituted, and resulted from the promise of Rowson to return the money, thereby inducing appellee to believe that he was under no obligation to make further payments. Rowson made the contract to repay, as he had a large land deal on hand and desired to put the land contracted for by appellee into the deal. Rowson withheld repayment of the money until the forfeiture of the contract had automatically taken place, and then refused to repay. The promise to repay the money, having induced appellee to forego any further effort to pay the sums to become due on the land, was sufficient consideration for the promise. Any consideration is good in a contract which places one party in a worse condition or the other in a better, or, in other words, benefit to the promisor or loss to the promisee. It need not be mutually·beneficial. Perry v. Booth, 7 Tex. 493; Lane v. Scott,

57 Tex. 367; Railway v. Winton, 7 Tex. Civ. App. 57, 26 S. W. 770. The promise was mutual and simultaneous and bound the parties. Flanders v. Wood, 83 Tex. 277, 18 S. W. 572; Pullman Car Co. v. Booth (Tex. Civ. App.) 28 S. W. 719; Arnold v. Chamberlain, 14 Tex. Civ. App. 634, 39 S. W. 201.

None of the assignments of error is well taken, and the judgment is affirmed.