### TAYLOR v. WELLS FARGO & CO.†

(Circuit Court of Appeals, Fifth Circuit.   February 8, 1915.)

#### No. 2716.

MASTER AND SERVANT ☞100 — LIABILITY FOR INJURIES — EXEMPTION CONTRACTS—VALIDITY.

 Where an express messenger was an employé of a railroad company over whose line he was employed to run, a contract whereby he agreed that the railroad company should not be liable for injuries sustained by him was void under Employers' Liability Act (April 22, 1908, c. 149, § 5, 35 Stat. 65 [Comp. St. 1913, § 8661]) providing that any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by that act, shall to that extent be void.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 166–170;  Dec. Dig. ☞100.]

 Pardee, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Mississippi;  Henry C. Niles, Judge.

Suit by Wells Fargo & Co. against Oscar G. Taylor.   Decree for plaintiff, and defendant appeals.   Reversed and remanded.

Thomas Fite Paine, of Aberdeen, Miss., for appellant.

E. O. Sykes, of Aberdeen, Miss., for appellee.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge.   The relief sought by the bill in this case, filed by the appellee, Wells Fargo & Co., a corporation, is an injunction against the enforcement by the appellant of a judgment for damages recovered by him against the St. Louis & San Francisco Railroad Company on account of personal injuries sustained by him in the wreck of a train of that company upon which he was riding while acting as an employé of the appellee.   This relief was sought as a means of enforc-

---

ing the specific performance of a contract whereby the appellant, an employé of the appellee, agreed that neither the appellee nor the railroad company upon the line of which he was employed to travel and run as an express messenger of the appellee should under any circumstances, or in any case whatever, be liable for any injuries occurring to him while so traveling, whether such injuries arose from any fault, carelessness, or negligence, gross or otherwise, on the part of said railroad company. The averments of the bill do not, further than is above indicated, show what ground of liability was asserted by the appellant in the suit brought by him against the railroad company, the enforcement of the judgment in which is sought to be enjoined.

The averments of the bill not showing the contrary, it may be presumed that the business in which the appellant was employed and engaged at the time he was injured was one of interstate commerce, carried on by means of the train which was wrecked; that the appellant at that time was, and was acting as, an employé of the railroad company as well as one of the express company, the contract between those two companies, a copy of which is made an exhibit to the bill, expressly providing for the express company having the right to employ the agents and servants of the railroad company as its own agents, when such employment will not, in the opinion of the railroad company, be to the interruption or detriment of its business; and that he was injured in such circumstances as, if the contract relied on does not prevent this result, would render the railroad company liable to him in damages under the Employers' Liability Statute. 35 Stat. 65, Fed. Stat. Ann. (Supp. 1909) 584. It hardly requires a resort to the rule that the averments of a pleading are to be construed most strongly against the pleader to construe the bill as an application to the court so to specifically enforce the contract between the appellant and the appellee as to deny to the former the right of enforcing a judgment recovered by him against a railroad company engaged in interstate commerce for damages from his suffering injury while he was employed by such carrier in such commerce. For such a carrier to be able, by the device of permitting one of its employés to be employed also by an express company, which makes with him such a contract as the one set out in the bill, to exempt itself from the liability created by the statute just referred to, would be in plain contravention of the explicit provision of section 5 of that statute.

There is no suggestion in the bill that there was any occasion for a resort to a court of equity for the enforcement of the specific performance of the contract relied on other than the institution by the appellee of his suit against the railroad company and his recovery of judgment therein. If the liability asserted in that suit was one of the railroad company to its own employé which was provided for by the federal Employers' Liability Act, as, in the absence of averments to the contrary, it may be presumed to have been, the appellee was not entitled to have its contract with the appellant given the effect of exempting the defendant in that judgment from the liability thereby adjudged. The bill, in failing to show that the liability so adjudged was not such a one, failed to show that the appellee was entitled to the relief prayed, whether or not the contract set out was effective to exempt the appellee

and the railroad company from a liability for a personal injury suffered by one who was an employé of the former but not of the latter. It follows that the bill is to be regarded as one which fails to show that the plaintiff therein is entitled to the relief prayed, and that the court was in error in the decree rendered thereon.

That decree is reversed, and the cause is remanded; the costs to be taxed against the appellee.

MAXEY, District Judge (concurring). The writer concurs in the ·conclusion announced in the foregoing opinion of Judge WALKER, but he bases his concurrence on grounds different from those stated. It is admitted by the appellee that, at the time the appellant sustained his injuries, it was engaged in interstate and intrastate commerce as a common carrier. Under the law as it existed prior to the enactment in 1908 of the Employers' Liability Act (35 Stat. c. 149, p. 65), the contracts, relied upon by the appellee in this case, were valid and binding upon the appellant. Railway Company v. Voigt, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560. The Voigt Case was decided in 1900, and eight years later the Congress passed the statute referred to, the fifth section of which reads as follows:

"That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void."

Referring to section 5, it was said by the Supreme Court, in Railroad Company v. Schubert, 224 U. S. at page 611, 32 Sup. Ct. at page 591, 56 L. Ed. 911, that:

"The evident purpose of Congress was to enlarge the scope of the section and to make it more comprehensive, by a generic rather than a specific description. It thus brings within its purview any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act."

If, then, the appellant was an employé of the St. Louis & San Francisco Railroad Company, or if the railroad company was an agent of the appellee, in either event, in the judgment of the writer, the contracts were absolutely void, and the railroad company became liable to the appellant for injuries received by him through the wrecking of its train. That, under the contracts, the appellant was an employé of the railroad company, is an inference deducible from the Voigt Case; the language of the court being as follows:

"The relation of an express messenger to the transportation company, in cases like the present one, seems to us to more nearly resemble that of an employé than that of a passenger. His position is one created by an agreement between the express company and the railroad company, adjusting the terms of a joint business—the transportation and delivery of express matter. His duties of personal control and custody of the goods and packages, if not performed by an express messenger, would have to be performed by one in the immediate service of the railroad company. And, of course, if his position was that of a common employé of both companies, he could not recover for injuries caused, as would appear to have been the present case, by the negligence of fellow servants."

Not only so, but the writer is further of the opinion that the railroad company was an agent of the appellee (Bank of Kentucky v.

Adams Express Company, 93 U. S. at page 187, 23 L. Ed. 872; Hooper v. Wells Fargo & Co., 27 Cal. 11, 85 Am. Dec. 211), and hence the contracts between these two carriers are embraced within the denunciation of section 5 of the statute.

The contracts being void, so far as they affected the right of the appellant to recover of the railroad company for injuries received by him in the wrecking of the train, it follows that the bill of the appellee is without equity, and should be dismissed.

PARDEE, Circuit Judge (dissenting). While the railroad company was a common carrier engaged in interstate commerce, appellee Taylor was not employed by the railroad company in such commerce within the purview and meaning of the Employers' Liability Act, which act it is contended with much plausibility and force applies only to railroad companies which are engaged in interstate commerce. (See appellee's brief, pages 11 and 12, and authorities cited.) Taylor was not an employé of the railroad company in any reasonable sense, for the railroad company neither hired him, paid him, used him, nor controlled him. He was a person that the railroad company contracted with the express company to carry free on its trains as an agent or employé of the express company, and he had no duties of any kind to perform in connection with the operation or maintenance of the railroad company's cars, trains, nor track.

Quoad the railroad company, the express company was a shipper engaged at times in interstate commerce, and when so engaged was a carrier in interstate commerce, and Taylor, as agent, represented the express company, and was no more an employé of the railroad company than was his principal. In Baltimore & Ohio Ry. v. Voigt, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560, the question was whether Voigt, the express company's agent, was a passenger for hire, and the court, in giving reasons for answering in the negative, did intimate, but did not decide, that Voigt, under the facts in that case, resembled more an employé than a passenger of the railway company; and the opinion also suggests that between the railway company and the express company a sort of partnership relation was created, from which might result that the express company's agent was also a sort of employé of the railway company.

In the case the question whether the express company's agent was an employé of the railroad company was an abstract one, only argued, and not decided; here, under a different state of facts, the question is concrete, and is whether, under the facts shown by the transcript, the express company's agent is an employé of the railroad company within the purview of the Employers' Liability Act; and it is this question, which is one of far-reaching importance, that I think might well be certified.

NOTE.—See Robinson v. Baltimore & O. R. Co., 236 U. S. ——, 35 Sup. Ct. 491, 59 L. Ed. ——, decided April 5, 1915.