SCHAFF v. STRICKLAND. (No. 1829.)

(Court of Civil Appeals of Texas. Texarkana. July 12, 1917. Rehearing Denied Nov. 15, 1917.)

RELEASE  &#x27641;13(5)—VALIDITY—PERFORMANCE.

Where an injured servant gave a release on account of his injuries, reciting the consideration of three days' employment, the release was valid and enforceable, although he never returned or presented himself for work, where the employer held himself in readiness to give him employment.

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Action by James Strickland against C. E. Schaff, Receiver of the Missouri, Kansas & Texas Railroad Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed, and judgment directed for defendant.

Wilcox, Graves & Metcalf, of Georgetown, and C. C. Huff, of Dallas, for appellant. Nunn & Love, of Georgetown, for appellee.

LEVY, J. The action is by the appellee for damages for alleged personal injuries. Appellee alleges in his petition as follows:

"That while the plaintiff was in the discharge of his duty as section hand, one of the defendant's trains operated upon the defendant's line of railway by the servants and agents of the defendant passed the place at which the plaintiff was then working. That upon the approach of

the said train the plaintiff stepped back to a safe distance of some 20 or 25 feet from the track, and remained at the said point during the passage of the said train. That while the plaintiff was at the said point, and while the said train was passing, without any negligence or fault upon the part of the plaintiff there fell from said passing train a large piece of rock, slate, or coal, striking this plaintiff upon his leg with great force and violence, bruising, wounding, and permanently injuring the plaintiff's said leg. That the said train was then and there being run and operated at a very great rate of speed, and that by reason thereof the said projectile, in falling from the said train, was given great momentum and struck this plaintiff with great violence. That the plaintiff's said injury was due alone to the fault and negligence of the defendant, its servants and agents, and that the plaintiff is unable to give with more certainty the specified acts of negligence of the defendant, its servants and agents, which caused the said injury, but says that the negligence of such servants and agents was the cause of his injury as aforesaid."

The defendant demurred to the petition, and answered by denial and plea of contributory negligence and assumed risk. There was a trial to a jury, and verdict in favor of the plaintiff.

The evidence shows that the section crew of appellant, of which appellee was a member, was working on the roadbed near Weir. The Texas Special passenger train came along, and the section crew left the track, and appellee stood about 20 or 25 feet from the track. As the passenger train, running about 40 miles per hour, reached a point opposite to where appellee was standing, a piece of slate coal struck his right leg above the ankle with force, inflicting injury to the leg. Appellee testified that the piece of slate coal, about 8 or 9 inches in length, appeared to come from the tender of the passing engine. The facts causing the coal to fall were unexplained by the appellee or his witnesses, and there does not appear any evidence on the part of appellee tending to disprove the facts proven by the defendant respecting a want of negligence on the part of the defendant company. The defendant proved that the coal space on the tender was equipped with the most approved method for holding coal, with circular iron boards at the top extending, about a foot inward into the coal space, so that coal will stay on the inside of the coal space, and not be on the edge of the top of the tender and fall off, and that coal gates were at the point where the fireman gets coal to put into the boiler of the engine; that the coal space of the tender was about half full of coal when the train passed Weir, and there was no loose coal in the space where the fireman secures coal for the boiler; that the coal used on the engine was only "hand-picked" coal, without slate or foreign substance in it; that the train was being carefully handled and operated at the time.

The appellee signed a written release of injuries after his injury; the consideration

being three days' employment as a section hand on the said road. It appears that appellee never at any time after his injury returned to or presented himself for work for the appellant. The section foreman testified:

"Since the signing of the release Mr. Strickland has not presented himself to me for employment. I hold myself in readiness at any time to give him work if he comes."

The same state of facts as found in the instant case appears in Railway Co. v. Wood, 63 S. W. 164, and that case was followed in Railway Co. v. Clark (Ky.) 106 S. W. 1184. But it is not necessary to decide whether or not the evidence is sufficient, as a matter of law, to establish negligence on the part of appellant, for it is concluded that the appellant's contention should be sustained that under the undisputed evidence the release is valid and enforceable. The case of Railway Co. v. Fitts, 188 S. W. 528, by the Amarillo court, involves the lease in this suit on quite the same facts, and discusses the same points of law as those involved in this appeal. That case is here followed, necessitating the reversal of the instant judgment.

And a judgment is here directed in favor of appellant, with costs of appeal and of the trial court.