## TAYLOR v. WELLS FARGO & CO.

(Circuit Court of Appeals, Fifth Circuit. February 28, 1918. Rehearing Denied April 15, 1918.)

### No. 3102.

1. CARRIERS ⬤⟳4—"COMMON CARRIERS"—EXPRESS COMPANY.
   An express company is a common carrier.
   [Ed. Note.—For other definitions, see 'Words and Phrases, First and Second Series, Common Carrier.]

2. MASTER AND SERVANT ⬤⟳100(1)—LIABILITY FOR INJURIES—EXEMPTION CONTRACTS—"COMMON CARRIER BY RAILROAD."
   Within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1916, §§ 8657-8665]), providing that every common carrier by railroad, engaged in interstate commerce, shall be liable to employés suffering injury, and in section 5 (section 8661) that any contract, etc., exempting from such liability shall be void, an express company is a common carrier by railroad, though it uses other facilities in its business; consequently an agreement between an express company and its messenger that neither the company, nor any railroad company on whose lines the messenger might travel, should be liable for any injury to him while so traveling, is invalid.

Appeal from the District Court of the United States for the Northern District of Mississippi; Henry C. Niles, Judge.

Suit by Wells Fargo & Co. against Oscar G. Taylor. From a decree for complainant, defendant appeals. Reversed and remanded, with directions to dismiss.

See, also, 220 Fed. 796, 136 C. C. A. 402.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thomas Fite Paine, of Aberdeen, Miss. (Paine & Paine, of Aberdeen, Miss., on the brief), for appellant.

E. O. Sykes, of Jackson, Miss. (E. O. & J. A. Sykes, of Aberdeen, Miss., and Branch P. Kerfoot, of New York City, on the brief), for appellee.

Before WALKER and BATTS, Circuit Judges, and EVANS, District Judge.

BATTS, Circuit Judge. A contract between the St. Louis & San Francisco Railroad Company and Wells Fargo & Co., providing for the operations of the express company over the lines of the railroad company, contained a provision to this effect:

The express company agrees "that it will and does hereby assume all risk and damage to its agents and employés while engaged in its business on any of the railways or property of the railroad company, and hereby agrees to indemnify and hold harmless the St. Louis & San Francisco Railroad Company on account for all claims for damages suffered by the agents and employés of the express company, while engaged in its business on any of the railways or property of the Railroad Company."

An instrument introduced in evidence, marked "Messengers' Agreement," and reciting that it was an agreement between Wells Fargo & Co. and Taylor, the plaintiff in error, but signed alone by the latter, contains a provision to the effect:

"That neither the party of the first part [Wells Fargo & Co.] nor any railroad or steamboat company, or other carrier, on whose lines said party of the second part may travel as such messenger or guard, shall, under any circumstances, or in any case whatever, be liable for any injury occurring to said party of the second part, while so traveling, whether such injury arises from any fault, carelessness, or negligence, gross or otherwise, on the part of said railroad or steamboat company, or other carrier, its agents or servants; it being the intent of this contract that said party of the second part shall and will assume all and every risk incident to said employment, from whatever cause arising."

Taylor, having been injured while discharging his duties as an express messenger, in an accident on the St. Louis & San Francisco Railroad, instituted suit against the railroad company in a state court of Mississippi. The express company filed a petition in that court, setting out the contracts, and asked to be made a party defendant, in order that it might remove the case to the federal court. The prayer of the petition was refused. It thereupon instituted a suit against appellant in the District Court of the United States, setting up the facts with reference to the agreements, and other facts, and, in addition to the prayer for general relief, asked for a temporary injunction, which was refused. The case in the state court proceeded to trial, resulting in a judgment for $4,000 for the plaintiff, which was affirmed by the Supreme Court of that state. Upon trial of the suit instituted by the express company a judgment was rendered for the company. An appeal to this court resulted in a reversal; the judgment being based upon the insufficiency of the pleadings. 220 Fed. 796, 136 C. C. A. 402. The bill was amended, and, upon a new trial, judgment was again for the express company, and the collection of the judgment

rendered in the state court was enjoined. From that judgment this appeal is taken.

Appellant contends that the former judgment in this court was final, and that this court, not having permitted an amendment, the bill could not be amended below; that the suit was in violation of section 720 of the Revised Statutes (Comp. St. 1916, § 1242); that the contracts between the express company and the express messenger, and between the express company and the railroad company, whereby the railroad company was to be relieved from the effect of negligence, were void; and that, by virtue of section 5 of the second Employers' Liability Act (35 Stat. 65, c. 149), and the amendment of April 5, 1910 (36 Stat. 291, c. 143), the contract between the express company and the appellant is void. If the last-mentioned contention of appellant is meritorious, it will not be necessary to consider the other questions.

[1, 2] The Employers' Liability Act provides:

"Every common carrier by railroad while engaging in commerce between any of the several states, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce. * * *" Section 1.

Section 5 provides that:

"Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void."

If the terms of the act apply to express companies, the contract between Wells Fargo & Co. and the messenger is void. Second Employers' Liability Cases, 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Phila., Balt. & Wash. R. R. v. Schubert, 224 U. S. 603, 32 Sup. Ct. 589, 56 L. Ed. 911.

An express company is a common carrier. Bank of Kentucky v. Adams Express Co., 93 U. S. 174, 23 L. Ed. 872. An express company is a common carrier by railroad. If this fact were not universally known, it would be sufficiently indicated by the contract between the appellee and the St. Louis & San Francisco Railroad Company. It is not seen how an insistence to the contrary can be made. Indeed, there is no contention that the express company is not a common carrier by railroad; but the proposition is that, notwithstanding the language, the act does not apply to express companies. The argument seems to be based upon rulings to the effect that the original Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 379) was not applicable to express companies, and upon the case of Robinson v. B. & O. R. R. Co., 237 U. S. 84, 35 Sup. Ct. 491, 59 L. Ed. 849, which holds that an employé of the Pullman Company is not an employé of the railroad company.

The Interstate Commerce Commission, in the Matter of the Express Cos., 1 Interst. Com. Com'n R. 349, held that the original Interstate Commerce Act was not intended to apply to express companies. The language of that act was to the effect:

"That the provisions of this act shall apply to any common carrier or carriers engaged in the transportation of passengers or property wholly by railroad, or partly by railroad and partly by water."

In reaching a conclusion that the express companies were not included an unconvincing argument was based upon the use of the word "wholly." The Commission says:

"The use of that word in the section which was evidently framed with the greatest care affords a fair foundation for the claim that the act does not describe the modes of transportation employed by express companies with sufficient precision to bring them within its terms."

The proposition which seems to have been most meritorious in reaching the conclusion was:

"That the details of the law in its various provisions are so framed as to apply distinctly to railroads and railroad companies, and that they do not apply to the carriage of property by express companies without various implications and eliminations which give a somewhat strained construction to the language used."

A number of examples are then given in support of this proposition. The Commission finally suggests:

"In case of doubtful jurisdiction, it is far better that the legislative body should resolve the doubt."

This holding of the Interstate Commerce Commission was not more than acquiesced in by the courts. Am. Ex. Co. v. U. S., 212 U. S. 522, 29 Sup. Ct. 315, 53 L. Ed. 635. It is to be observed that the language of the act which was under construction is very different from that employed in the Employers' Liability Act. Even if the processes of reasoning were entitled to greater respect, the decision would not be held applicable to the present case.

Robinson v. Baltimore & Ohio R. R. Co., is cited by appellee as decisive of the proposition that the Employers' Liability Act does not apply to an express company and its employés. That was a suit instituted by a Pullman porter, injured while performing his duties, against the railroad company. The Supreme Court says:

"The inquiry is whether the plaintiff comes within the statutory description; that is, whether, upon the facts disclosed in the record, it can be said that, within the sense of the act, the plaintiff was an employé of the railroad company, or whether he is not to be regarded as outside that description, being in truth on the train simply in the character of the servant of another master, by whom he was hired, directed, and paid, and at whose will he was to be continued in service or discharged."

The court continues:

"We are of the opinion that Congress used the words 'employé' and 'employed' in the statute in their natural sense, and intended to describe the conventional relation of employer and employé."

And it concludes:

"We conclude that the plaintiff in error was not an employé of the defendant company within the meaning of the Employers' Liability Act, and that the judgment must be affirmed."

A ruling that a porter, hired by the Pullman Company, is not a railroad company employé, is not conclusive that a messenger, hired by an express company, is not an express company employé.

It would not be difficult to make a fairly satisfactory argument to the effect that an express messenger is an employé both of the ex-

press company and of the railroad company. In the case of B. & O. R. R. Co. v. Voigt, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560 (decided before the passage of the Employers' Liability Acts), recovery was refused an employé of the express company, in a suit against the railroad company; the court in argument suggesting that the relation between the express company and the express messenger more nearly resembled that of an employé than a passenger, since "his position is one created by an agreement between the express company and the railroad company, adjusting the terms of a joint business," and that the express messenger could not recover for the negligence of a fellow servant.

The relations between an express company and a railroad company have the elements of a partnership, of agency, of a common enterprise. Oliver v. Northern Pac. R. R. Co. (D. C.) 196 Fed. 432. It is not necessary, however, to determine whether appellant could have recovery against the railroad company under the act or otherwise. The issue necessary to be determined is whether the fifth section of the Employers' Liability Act renders void so much of the contract between the messenger and the express company as undertakes to negative the right of the messenger to recover for injuries. This answer is dependent upon whether the act applies to express companies. The language of the act does not seem to leave any ground for construction or interpretation. It is perfectly clear and absolutely unequivocal. The terms of the act apply to every common carrier by railroad. The circumstance that the common carrier may also conduct a business other than by railroad cannot destroy the fact that it conducts a common carrier's business by railroad. If the fact that an express company may also be a common carrier by water, or by stage, could destroy the applicability of the act, railroad companies that utilize water transportation would also be exempt.

The transportation which is conducted on a railroad by an express company is properly within the function of the railroad. All of the handling of freight by express companies could be by railroad companies, and shippers could compel the acceptance by railroad companies of such freight. The arrangement between railroad companies and express companies, by which they co-operate in handling part of the freight which railroad companies are compelled to carry, is regarded as legal. There would be nothing to prevent a railroad company from making somewhat similar arrangements with express companies or freight lines, by which the balance of its freight might be handled by intermediary transportation companies. It could, doubtless, in the same way farm out its passenger transportation business. The exercise, with regard to the balance of its business, of the rights which it has exercised with reference to that portion of it which has gone to the express companies, would dispense with a very large per cent. of all of the direct employés of the railroad company. The arrangement would, in very large measure, nullify the Employers' Liability Act, if it is limited in its application as contended by appellee.

It was the purpose of the Congress to provide special protection to persons subject to the hazards incident to the operation of railroads. There could have been no reason for giving the protection to a rail-

249 F.—8

road conductor, and refusing it to an express messenger. It will not be assumed that Congress intended to make a distinction in the absence of language ·that would so indicate. It will certainly not be assumed in the face of language which is clear and unambiguous. Those of the decisions which seem to sustain the right of a railroad company and an express company, between them, to contract away the right of a human being to protection against negligence, are entirely out of harmony with fundamental principles of right and the ordinary conceptions of law. No court ought at this time, in the face of the unequivocal language of the Congress, to make a ruling which would differentiate express company messengers, not alone from other persons engaged in the hazards of railroading, but from all other persons engaged in hazardous businesses. The Employers' Liability Act is proof that Congress was not unresponsive to the universal feeling that every business should carry its hazards. It will not be assumed that language, which is properly and logically comprehensive, is to be so construed as to exclude a class dependent on legislation even for protection against negligence.

Appellant is not seeking relief under the terms of the Employers' Liability Act, but he is insisting that that part of the contract which the express company claims deprived him of all protection is void. We so hold. The judgment of the lower court is reversed, and the cause remanded, with directions to dismiss.

Reversed.